**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MARY E.K.,[1]

Plaintiff,

*v.*

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

Case No. 25-cv-02238-AWM

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI) benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–33 (the Act). The Court finds Plaintiff forfeited the arguments she now raises for the first time on appeal. And finding no plain error, the Court **ORDERS** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

## I. FACTS AND PROCEDURAL HISTORY

This is the second time this case has come before this Court. R. at 255. In October 2018, Plaintiff sought SSDI benefits for several mental impairments as well as physical impairments that arose from back surgery in July of that year. *Id.* In 2023, this Court reversed the ALJ's denial of benefits because the ALJ had not addressed Plaintiff's non-severe mental impairments during his residual functional capacity (RFC) assessment.

[1] The Court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of disability claimants, it has determined to caption Social Security decisions using only the initial of the Plaintiff's last name.

*Mary E.K. v. Kijakazi*, No. 21-CV-02373-TC, 2023 WL 4105155, at *4 (D. Kan. June 21, 2023).

Because Plaintiff was subsequently awarded SSDI benefits as of January 21, 2021, the only remaining issue in this case is Plaintiff's disability status from July 23, 2018, to January 20, 2021. R. at 1421; 1512. An ALJ conducted a second hearing on February 8, 2024, in Topeka, Kansas. R. at 1421. At the hearing, Plaintiff's counsel stated that she intended to only "present evidence regarding her mental limitations and not revisit the previous physical limitations and just rely on her previous testimony." R. at 1452.

After the hearing, the ALJ determined that Plaintiff suffers from severe impairments including degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, neuropathy, chronic pain syndrome, depressive/bipolar disorder, anxiety with panic disorder, borderline personality disorder, and posttraumatic stress disorder. R. at 1424. The ALJ also noted that Plaintiff suffers from "vision loss including retinal detachment status post-surgery with additional eye conditions including cataract, myopia, astigmatism, and migraines." R. at 1424. The ALJ concluded that these conditions were not severe because they did not cause more than minimal functional limitations on Plaintiff's ability to work, were being adequately controlled with medication, had not persisted for a continuous twelve months, and were being resolved with treatment. R. at 1424.

The ALJ concluded Plaintiff had the RFC to do a reduced range of light work with certain postural and environmental limitations. R. 1426–32. Based upon this RFC and the testimony of a vocational expert, the ALJ found that Plaintiff could perform multiple light, unskilled jobs available in the national economy. R. at 1432–33.

Plaintiff argues the ALJ erred when he (1) assessed Plaintiff's vision impairments and (2) did not articulate whether Plaintiff's headache symptoms were consistent with the record. After procedurally exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II. LAW & ANALYSIS

On appeal, this Court's review is guided by the Act. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). A claimant must be disabled to qualify for benefits. 42 U.S.C. §§ 423(a), 1382(a). To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993).

Judicial review of the ALJ's findings is limited. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). A court reviews the ALJ's factual findings to determine whether substantial evidence in the record supports the factual findings and whether the correct legal standards were applied. *Id.* The ALJ's factual findings are conclusive under 42 U.S.C. §§ 405(g) and 1383(c)(3) if they have substantial evidentiary support. *Id.* "Substantial evidence has long been defined to mean more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Trujillo v. Comm'r, SSA*, 818 F. App'x 835, 839 (10th Cir. 2020) (cleaned up) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The record must demonstrate that the ALJ considered all the evidence, but an ALJ is not required to discuss every piece of evidence. *Clifton v. Chater*, 79 F.3d 1007,

1009–10 (10th Cir. 1996). And this Court does not reweigh evidence or substitute its own judgment for that of the ALJ. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

### A. Plaintiff Forfeited the Errors Now Asserted for the First Time on Appeal.

Plaintiff argues the ALJ addressed her asserted vision abnormalities just twice in the ALJ's decision and "did not identify any vision-related limitations in the RFC." Doc. 10 at 7. And the ALJ mentioned Plaintiff's headaches only once—in his listing of non-severe impairments. Doc. 10 at 19.

Commissioner responds that Plaintiff never asserted that either of these conditions were disabling when she applied for benefits. Doc. 18 at 6, 12. Further, Plaintiff mentioned neither condition in her Function Reports. R. at 347—54, 379–86. With respect to her vision, she told the ALJ that she could drive short distances. R. at 1462. She also testified she liked to read magazines and look at Facebook on her smartphone, and that she liked to paint ceramics and woodwork as a hobby. R. at 1463. With respect to migraines, she told the ALJ she had learned to use a mask "to block out everything" and "get them to go away." R. at 1459. And she offered this information in response to a question from the ALJ regarding treatment for her neck, which *was* asserted as disabling in her claim. *Id.*

Generally, when an appellant raises an argument for the first time on appeal, the Tenth Circuit deems it waived if the argument was intentionally relinquished or abandoned in the district court, and deems it forfeited if the theory just wasn't raised before the district court. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127–28 (10th Cir. 2011). In the context of SSA cases, the Tenth Circuit has previously required SSA claimants to exhaust their administrative remedies before appealing them to this Court.

*Carr v. Comm'r, SSA*, 961 F.3d 1267, 1275-76 (10th Cir. 2020), *overruled on other grounds by Carr v. Saul*, 593 U.S. 83, 85 (2021).

In *Carr*, the Supreme Court held that the claimants did not forfeit their challenge under the Appointments Clause by failing to raise it with the ALJ. The Court relied on the inquisitorial nature of SSA proceedings, the constitutional character of the claim at issue, and the unavailability of an administrative remedy. *Id.* at 95-96. But the Court acknowledged that the scales might tip differently in the context of routine objections to individual benefits determinations. *Id.* at 92 n.5.[2]

And the scales must tip differently here. This is Plaintiff's second appeal to this Court. And a case that began with disability claims regarding Plaintiff's back and mental health—which were ultimately determined to warrant benefits—has now morphed into a challenge to an ALJ's review of disabilities Plaintiff never claimed. "Judges are not like pigs, hunting for truffles buried in briefs," *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991), and that is equally true of ALJs "tasked with resolving a large volume of cases, most of which are accompanied by lengthy, factually complex records." *Leisgang v. Kijakazi*, 72 F.4th 216, 220 (7th Cir. 2023).

It is not too much to ask a claimant who is disabled to say so—at some point[3]—before appeal. *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996) (noting an ALJ is under no "obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability" (cleaned up)).

---

[2] *See also Sims v. Apfel*, 530 U.S. 103, 107 (2000) (leaving undecided whether a claimant must exhaust issues before the ALJ to preserve them for judicial review).

[3] Generally, an objection should be made at the hearing or in a post-hearing brief to be preserved. *Fetting v. Kijakazi*, 62 F.4th 332, 337 (7th Cir. 2023). And general objections or vague questions are, without more, generally insufficient. *Id.* at 338. In this case, Plaintiff's attorney asked a single question of the vocational expert—regarding absenteeism. R. at 1471.

Congress has tasked ALJs with determining entitlement to SSDI benefits in the first instance. "And the ALJ is best positioned to do so when the claimant identifies those objections and concerns expressly, allowing the proper development of the evidentiary record in real time." *Leisgang*, 72 F.4th at 220. For that reason, the First, Sixth, Seventh, Eighth, and Ninth Circuits generally require claimants to exhaust their arguments at the administrative level. *See Mills v. Apfel*, 244 F.3d 1 (1st Cir. 2001); *Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537, 545-47 (6th Cir. 2020); *Fetting*, 62 F.4th at 337; *Anderson v. Barnhart*, 344 F.3d 809 (8th Cir. 2003); *Shaibi v. Berryhill*, 883 F.3d 1102 (9th Cir. 2017).

To be clear, this Court does not hold that the burden shifts to the Plaintiff during the ALJ's RFC inquiry. Nor does the Court hold that a claimant can waive the substantial evidence standard. *See Biestek v. Berryhill*, 587 U.S. 97, 104 (2019). But the substantial evidence standard is not a particularly high bar. In the Social Security context, it means, "and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (cleaned up). "The decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

Plaintiff is correct that the ALJ "made no findings as to the consistency of [Plaintiff's] statements about her vision and their impact on various work-related activities." Doc. 19 at 3–4. And that is entirely attributable to the fact that Plaintiff never asserted that she was disabled due to her vision or that it impacted her ability to work.

Finally, Plaintiff cannot avoid waiver by arguing she was "represented by a different law office at the time of her application," and her previous counsel only raised

"her claim in terms of the most pressing issue at the time—her back surgery and back limitations." Doc. 19 at 4. Litigants in SSA cases are not immune from the general rule that parties are "held accountable for the acts and omissions of their chosen counsel." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993).

When viewed through the lens of plain error, there is substantial evidence in the record before the Court to support the ALJ's conclusion that Plaintiff's vision and headaches were not disabling conditions.

## III. CONCLUSION

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's appeal, Doc. 1, is **DENIED**.

**IT IS FURTHER ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**. The Clerk is directed to enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

Dated this 8th day of September 2026, at Topeka, Kansas.

*s/ Anthony W. Mattivi*
Anthony W. Mattivi
United States District Judge